[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14512
Non-Argument Calendar
_____

BIA Nos. A98-381-329 & A98-381-330

GLORIA EMPERATRIZ CATARI,
IVAN FRANCISCO RAMOS,
EDUARDO JAVIER RAMOS,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 22, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Gloria Emperatriz Catari, Ivan Francisco Ramos, and Eduardo Javier Ramos, through counsel, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding them removable and dismissing their applications for asylum, and denying their applications for withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Petitioners also seek review of the BIA's denial of their motion to reconsider.

Petitioners argue that the IJ and BIA erred in denying their applications. The government responds that we have no jurisdiction to review the IJ's decision or the BIA's decision affirming the IJ because petitioners filed their petition for review more than 30 days after the BIA's final order of removal.

We review issues of subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th 2002). A petitioner has 30 days from the date of the final order of removal to seek review in this Court. INA § 242(a)(1), (b)(1); 8 U.S.C. § 1252(a)(1), (b)(1); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). The deadline is not tolled by the filing of a motion to reconsider. See Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005) (observing that the filing of a motion to reconsider does not affect the finality of

2

the underlying order or toll the 30-day period for petitioning for review of such order).

Because petitioners filed their petition for review more than 30 days after the BIA's final order of removal and the statutory time limit is not tolled by a motion to reconsider, we have no jurisdiction to review the IJ's decision or the BIA's decision affirming the IJ.

As for the motion to reconsider, in their counseled brief on appeal, the petitioners mention the motion, but the bulk of the brief challenges the decisions concerning their underlying application for asylum, withholding of removal, and CAT relief. The government argues that petitioners have abandoned the issue of whether the BIA abused its discretion in denying their motion to reconsider because petitioners fail to sufficiently raise the issue and in any event the petitioners can show no abuse of discretion.

When a petitioner fails to offer argument on an issue, we consider that issue abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 n.2 (11th Cir. 2005). "Passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed abandoned." Id. (citation omitted). Othewise, we review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA's

discretion in granting or denying such a motion is "very broad." Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008) (citation omitted).

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. See INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). A motion for reconsideration must specify the errors of law or fact in the previous order and be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. See Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (citation omitted) (noting that "merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." (quoting 8 C.F.R. § 1003.2(b)(1))).

Although a close call, it appears that petitioners, in their counseled brief, have insufficiently raised a challenge to the denial of the motion to reconsider because they have not discussed the standard of review nor the relevant law; thus, they have abandoned claims related to that motion. Even if not abandoned, the petitioners' statement that the BIA made no probative findings or legal analysis is not borne out by the record. The BIA's decision, although short, contained an explicit finding that the petitioners had raised in their motion for reconsideration

4

the same arguments already considered in the earlier appeal, and moreover the BIA's decision cites authority covering the legal effect of that finding. The petitioners do not argue why the BIA should have revisited those same arguments. Finally, to the extent the petitioners in their motion to reconsider reiterated the arguments from the earlier appeal, they failed to specify "errors of fact or law" as required for a successful motion to reconsider. See Calle, 504 F.3d at 1329 (quoting 8 C.F.R. § 1003.2(b)(1)).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we dismiss petitioners' petition in part, and deny their petition in part.

**DISMISSED IN PART, DENIED IN PART.**